IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT BERNIER and SVETLANA
BERNIER,

    Plaintiffs,

v.                                                                     Civ. No. 04-510 BB/RLP

HARTFORD INSURANCE CO.
OF THE MIDWEST,

    Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiffs' Motion to Compel Discovery. Having reviewed the parties' submissions, the court finds that the motion shall be granted in part and denied in part.

Plaintiffs have sued Defendant for bad faith and breach of the covenant of good faith and fair dealing. On May 10, 2004 this action was filed in state court and then removed to this court based on diversity of citizenship. The action arose from Defendant's alleged bad faith failure to pay medical expenses incurred from an automobile accident which occurred on May 15, 2002. Plaintiffs made certain discovery requests, discussed below, to which Defendants objected. Those objections form the basis of the Motion to Compel. **Interrogatory No. 2** seeks identification of all bad faith claims against Defendant for the past five years. **Request for Production No. 2** requests all documents responsive to Interrogatory No. 2. **Request for Production No. 17** seeks Defendant's financial information for the past five years. Each of these requests were objected to as not discoverable pursuant to *State Farm v. Campbell*, 538 U.S. 408 (2003).

In *Campbell*, the Court reversed the Utah state court's punitive damage award against the insurance company, finding that it punished the defendant for nationwide policies not causally related to the plaintiff's injuries. *Id*. at 422. The Court did not say that incidents of bad faith occurring elsewhere was *ipso facto* inadmissible. Instead, it noted that incidents of corporate misconduct must be similar and "must have a nexus to the specific harm suffered by the plaintiff." *Id.*

At this juncture it is impossible to say whether any of the requested discovery would meet the *Campbell* criteria. Defendant's further objection of "overly broad and unduly burdensome" fails to set forth reasons why the information sought would be onerous to produce. Therefore, the information requested shall be produced.

**Request for Production No. 18** reads "[p]roduce copies of market conduct examinations done on Hartford Insurance Co. of the Midwest in the past ten (10) years where examination included claims handling practices." This request was objected to on the bases of *Campbell* and as being harassing, seeking confidential information, burdensome, and oppressive. Again, *Campbell* does not stand for the proposition that such material is never admissible. And, again, Defendant's complete failure to support its conclusory objections is fatal to its objection. Therefore, the information requested shall be produced.

**Requests for Production Nos. 2, 8, 10, and 14** are objected to on the grounds of attorney client privilege, work product, overly broad and unduly burdensome. Defendant then states that without waiver of the foregoing objections, all non-privileged documents are available for inspection and copying at Defendant's counsel's law office.

Documents may be withheld on the basis of attorney client privilege and work product immunity, but it is incumbent upon the party resisting discovery to prepare a privilege log for those documents. The log must identify the withheld document, its date, its author, all recipients, a brief summary of the document's contents and identification of the grounds withheld. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir. 1984). The court notes that no such privilege log was so prepared. Defendant belatedly filed a Privilege Log on November 4, 2004, but the log is inadequate. Defendant shall have ten (10) days from entry of this Memorandum Opinion and Order to file a proper privilege log.

Defendant's objection that the material sought is overbroad and burdensome is nonsensical when coupled with the statement that documents are available for inspection. Similarly, the court cannot tell why Plaintiffs move to compel documents that are available for inspection. Except as to a proper privilege log, the court denies the Motion if the documents are made available.

**Interrogatory No. 6 and Request for Production No. 6** request, respectively, whether an investigation was conducted and, if so, production of any documents or things generated thereby. The same blanket objection of attorney client, work product, overly broad, etc. was made, together with the statement that such materials were available for inspection. Again, any documents withheld on the ground of privilege or immunity shall be included in the same privilege log referred to above and the Motion is denied as to documents that are available for inspection and copying.

**Request for Production No. 11** appears duplicative of Request No. 6 in the

3

foregoing paragraph and the same reasoning and ruling applies to this request.

**Request for Production No. 12** seeks the claim adjuster's personnel file. Defendant objects to production on the grounds that such information is personal and confidential, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. "Confidential" is not the same as privileged and, because Defendant failed to offer a valid objection, the file shall be produced.

**Request for Production No. 15** requests all independent or investigative reports. Defendant objects because the information is privileged and opinion work product, vague – and then states that all of the items responsive to this request have already been produced in the initial pretrial disclosures. If any investigative reports have been withheld on the grounds of privilege or immunity, they shall be listed in the privilege log referred to *supra*. If all such documents have been produced, the Defendant needs only say so without the excess verbiage.

In the parties' briefing, there were some statements to the effect that the parties couldn't agree on when to inspect documents. Defendant should have by now identified all documents responsive to the foregoing requests and those documents shall either be copied, at Plaintiffs' expense, and made available for Plaintiffs to pick up at counsel's office  **or** such documents shall be placed in a room where Plaintiffs may inspect the documents and designate the ones they want copied at their own expense. In either event, the documents shall be separated by the Request for Production to which they are responsive.

Finally, Defendant argued several times in its response to the motion that the

lawsuit was premature, that investigations were ongoing, that some of the information sought wasn't ready for production or did not exist, such as reports to be prepared at a later date.  If some document is prepared when investigations are completed and that documents is responsive to one of these (or other) discovery requests,  Defendant is reminded of its continuing duty to supplement discovery throughout the duration of the lawsuit.  That responsibility includes updating the privilege log.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 26] is granted in part and denied in part as stated herein.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge